Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 AUG -7 PM 2: 38

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,         )     CRIMINAL CASE NO. CF0384-06
                                )
      vs.                  )     **DECISION AND ORDER**
                                  )
KEVIN JOHN ROBERTS,       )
                Defendant.     )
_____ )

The Defendant's Motion for Reconsideration was heard on June 22, 2009 before the HONORABLE ELIZABETH BARRETT-ANDERSON. People were represented by Assistant Attorney General Kimberly Raines, and Defendant was represented by Attorney Howard Trapp. The Court having considered all the briefs and arguments herein now renders the following decision, and for the reasons stated below, Defendant's Motion for Reconsideration is DENIED.

## FACTUAL HISTORY

On February 11, 2009, Defendant was found Guilty of second degree criminal sexual conduct. On March 16, 2009 this Court heard Defendant's Motion for Judgment of Acquittal. On March 30, 2009 this Court issued its Decision denying Defendant's Motion for Judgment of Acquittal (hereinafter "March 30th Decision"). On April 29, 2009, Defendant filed this Motion for Reconsideration.

## DISCUSSION

Under Guam Rules of Civil Procedure, a reconsideration motion is considered a Rule 60(b) motion if filed more than 10 days after the order. This motion will be reviewed accordingly. *Sananap v. Cyfred, Ltd.*, 2008 Guam 19 ¶ 15.

In *Merchant v. Nanyo Realty, Inc.*, the Guam Supreme Court places a high bar for granting a Rule 60(b) motion for reconsideration. 1998 Guam 26, 1998 WL 964571 at ¶9. The assertion of issues already addressed or the advancement of arguments, such as a point of law that was overlooked, which were otherwise available for presentation at the initial hearing may not be addressed under Rule 60(b). *Id.* When a court has considered all arguments and a motion for reconsideration merely reiterates those arguments, no relief may be granted under Rule 60(b). The fact that Defendant may disagree with, or find the Court's previous ruling incorrect, does not give cause for this Court to change it's prior position.

1

In Defendant's brief pleading, *State v. Bruce*[1] is cited as a point of law that was overlooked and the sole reason why this Court should reconsider its March 30th Decision. 396 S.E.2d 95 (N.C. Ct. App. 1988). The Court finds no merit and is not persuaded by a North Carolina decision that is not on point. Furthermore, *Bruce* can be distinguished from this case. In *Bruce*, the defendant is charged with vaginal intercourse and there was a lack of evidence of vaginal penetration at trial, rather the government only provided evidence of attempted rape. *Id.* In this case Defendant was charged and convicted of with engaging in sexual contact and the government provided evidence of sexual contact with the victim's intimate parts and the area commonly referred to as a female "vagina"; albeit the government did not provide direct evidence of the Defendant touching the vagina as defined in the jury instructions; hence "the variance in this case is where the victim was touched" and not a variance to the charges. People v. Roberts, Criminal Case No 0384-06, *Decision* (Mar. 30, 2009).

This Court did not overlook a point of law that is binding on this Court. As indicated in the March 30th Decision, the Guam Supreme Court discusses variances of proof, the same standard this Court applied to this case. The Court finds that the government was able to prove all of the essential elements of second degree criminal sexual conduct. The Court will not reconsider its denial of Defendant's Motion for Judgment of Acquittal.

**CONCLUSION**

Defendant's Motion for Reconsideration is **DENIED**. The Defendant shall appear for sentencing on _28 SEPTEMBER @ 10AM_ .

**IT IS SO ORDERED** this _7TH_ day of _AUG_, 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

AUG 0 7 2009

Brianne M.G. Balbas
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

---

[1] This case discusses *State v. Loudner*, 335 S.E.2d 78 (1985) where "evidence tended to show that defendant placed his finger in the victim's vagina" and this Court doubts that the North Carolina court required proof of the finger entering the biological definition of a vagina versus the area on the female body that the word vagina connotes. *Bruce*, 369 S.E.2d at 97. However, regardless of the proof offered in *State v. Loudner*, the March 30th Decision is correct about the law on Guam regarding this issue.

2